UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVSION

| | |
|---|---|
| ROSE JOHNSON, as the Personal Representative of the ESTATE OF RYAN M. SMITH on behalf and all beneficiaries MARK SMITH, KAHLLENA A. SMITH, LUKE-MICAH JOHNSON, JALONE JOHNSON, and ROSE JOHNSON, and ROSE JOHNSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SEATTLE, a municipal corporation; CHRISTOPHER MYERS, an individual; RYAN BEECROFT an individual; DANIEL JOHNSON an individual, and DOES 1 through 50, inclusive.<br><br>Defendants. | NO. **2:22-cv-609**<br><br>COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS (42 U.S.C. § 1983)<br><br>JURY TRIAL DEMANDED |

INTRODUCTION

Ryan M. Smith was needlessly killed by officers of the City of Seattle's Police Department on May 8, 2019. Plaintiff Rose Johnson, Mr. Smith's mother, brings this claim in her own capacity, and on behalf of herself and all other statutory beneficiaries as the Personal Representative of the Estate of Ryan Johnson. These federal claims arise from the homicide of her son, and more specifically from the policies, procedures, acts, and omissions that led to the constitutional violations culminating in Mr. Smith's death. Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1.1  This action arises under Title 42 of the United States Code, § 1983; the Fourth Amendment to the U.S. Constitution; and the Fourteenth Amendment to the U.S. Constitution.

1.2  Title 28 of the United States Code, § 1331 and § 1343 confers jurisdiction upon this Court.

1.3  The unlawful acts, omissions, and practices alleged herein occurred in SEATTLE, Washington, which is within this judicial district.

1.4  Title 28 United States Code § 1391(b) confers venue upon this Court.

## II. PARTIES

2

2.1  Plaintiff ROSE JOHNSON is the mother of Ryan M. Smith.

2.2  Rose Johnson has been appointed the Personal Representative of the Estate of Ryan Smith in King County Cause Number 22-4-03159-7 SEA, and she brings this action in her personal capacity and on behalf of the Estate and all statutory beneficiaries of Ryan Smith.

2.3  RYAN SMITH was thirty-one (31) years old when he was shot and killed by Defendants Christopher Myers and Ryan Beecroft.

2.4  Defendant CHRISTOPHER MYERS, individually, was a police officer for the City of Seattle, at all times material hereto was acting under the color of state law and was an agent and employee of the City of Seattle, within the course and scope of his employment with the authority of Seattle, and subject to oversight and supervision by its police department and Seattle's Chief of police and the Seattle's elected and non-elected officials.

2.5  Defendant RYAN BEECROFT, individually, was a police officer for the City of Seattle's Police Department, and at all times material hereto was acting under the color of state

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 2

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

law and was an agent and employee of the City of Seattle, within the course and scope of his employment with the authority of Seattle, and subject to oversight and supervision by its police department and Seattle's Chief of police and the Seattle's elected and non-elected officials. Seattle is vicariously liable for Defendant Beecroft's conduct as alleged herein.

2.6   Defendant DANIEL JOHNSON, individually, was a 911 dispatcher for the City of Seattle's Police Department, and at all times material hereto was acting under the color of state law and was an agent and employee of the City of Seattle, within the course and scope of his employment with the authority of Seattle, subject to oversight and supervision by its police department and Seattle's Chief of police and the Seattle's elected and non-elected officials. Seattle is vicariously liable for Defendant Johnson's conduct as alleged herein.

2.7   Defendant CITY OF SEATTLE ("SEATTLE") is and at all times herein mentioned a municipal entity duly organized and existing under the laws of the State of Washington that manages and operates the Seattle Police Department ("SPD") and sets city-wide policy for conduct of police officers employed by the Department.

2.8   SPD is an agency of which oversees and supervises the hiring, conduct, employment and discipline of each and every other Defendant named or to be named herein.

2.9   SEATTLE is a "person" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).

2.10   SEATTLE is liable for all claims of wrongful acts alleged herein committed by SPD and each individual defendant: Myers, Beecroft, and Johnson, and DOES 1- 50, inclusive.

2.11   SEATTLE, as principal-master, is liable for all actionable claims committed by its police department/agents/employees particularly all named Defendants; and it is liable for the constitutional violations committed, pursuant to the common law.

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 3

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

///

2.12   SEATTLE is wholly responsible to provide a defense of each police officer and to indemnify them against any judgment herein.

2.13   Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false seizures and arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

III.   STATEMENT OF FACTS

3

3.1   Ryan Smith had been having a mental health crisis, and after an altercation with his girlfriend, she called 911.

3.2   During the 911 call, Mr. Smith's girlfriend indicated that she was not seriously injured, that she had barricaded herself in the bathroom, and that Mr. Smith was not actively trying to force himself into the bathroom.

3.3   Mr. Smith's girlfriend told the dispatcher that she did not need a medic, but that Ryan did; she was concerned Ryan had cut himself and said, "he needs help."

3.4     Dispatcher Daniel Johnson conveyed inaccurate information and instead told the responding officers that the girlfriend was barricaded in the bathroom and that there was "blood everywhere, inside the bathroom."

3.5     Seattle Police Officers, including Christopher Myers and Ryan Beecroft had been dispatched to the scene where they and two other officers entered the apartment building, and within seconds began trying to kick down the door.

3.6     Once the door was broken open, Mr. Smith was visible inside the residence standing several feet inside the doorway; his hands were at his sides, and in one hand was a pocket-knife with a blade less than 2.5 inches long.

3.7     Mr. Smith's girlfriend had been yelling, pleading with police not to shoot as they kicked in the door and confronted Mr. Smith.

3.8     The SPD Officers, including Myers and Beecroft immediately and repeatedly yelled conflicting commands for him to put his hands up, get on the ground, and drop the knife.

3.9     The conflicting orders were unreasonable and, before the shooting began, gave Mr. Smith little, if any, opportunity to comprehend and comply with the orders.

3.10    Mr. Smith took a short single step toward the door, though he was still well inside the apartment.

3.11    As Mr. Smith took that last step, he also began to raise the pocket-knife, which he pointed at his own bare chest.

3.12    Officer Myers unreasonably claims to have tried to de-escalate the situation by taking a step back and stating that he considered the use of his Taser; he did not draw it, though he and the other responding officers did have their firearms drawn.

3.13    Mr. Smith was bare chested at the time, thus making the use of a Taser more

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 5

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

likely to be effective, had Officer Myers chosen that option.

3.14   He did not, and merely six seconds lapsed from the time the door opened until Officer Myer began to open fire, followed by Officer Beecroft.

3.15   The evidence at trial will show that, aside from his own self-serving statement, Officer Myers did not make any reasonable attempt to reach for his Taser or use any legitimate de-escalation tactic in any way, but that instead he made a malicious and deliberately indifferent decision to use deadly force to try and kill Mr. Smith.

3.16   He was successful: After firing his gun ten times around 7:20 pm on May 8, 2019, he killed Ryan Smith.

3.17   Seven bullets were eventually removed from Ryan's body; the cause of death was multiple gunshot wounds and was declared a homicide.

3.18   This shooting should have been prevented by the City of Seattle, the Seattle Police Department, the City and Department's leadership, and other City / Department employees.

3.19   Officer Myers has used deadly force multiple times in his career: firing his gun in at least four separate incidents in the last 11 years.

3.20   In February 2014, an appellate court had found Officer Myers' first shooting (in December 2010) occurred after he had been unjustified in even stopping the suspect he shot.

3.21   Six months later, in August 2014, Officer Myers fired his rifle 10 times, killing a suspect.

3.22   SPD had been under federal watch beginning in 2012, following an investigation into a series of incidents in which officers appeared to engage in excessive force - particularly against minorities.

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 6

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

3.23	In approximately 2014, Officer Myers joined an unsuccessful lawsuit that alleged the Department of Justice's enacted policies "unreasonably restrict[ed] and burden[ed] Plaintiffs' [Seattle Police Department Officers'] right to use force reasonably required, to protect themselves and others from apparent harm and danger."

3.24	Continuing to buck the de-escalation tactics, in 2015, Officer Myers was quoted in the New York Times, responding to Department of Justice imposed Use of Force Guidelines, saying, "[y]ou can't de-escalate someone unwilling to establish rapport with you."

3.25	In April 2017, Myers shot another suspect.

3.26	After that incident (his third shooting in less than seven years), Officer Myers asked to be taken off the street and transferred to the harbor patrol unit; SPD did not take him off the street.

3.27	Officer Myers would later state that on the way to the call to Ryan Smith's apartment that he had "dark tunnel vision." It is reported that Officer Myers, while responding to this incident, had another violent domestic violence incident was on his mind, an incident in Northgate where a woman called 911 saying someone was threatening to kill her. When the SPD cops arrived, she had already been killed. Police fatally shot the suspect.

3.28	While SPD released the police body-camera video which captured the Seattle Police Officers unreasonably shoot and kill Ryan Smith, their own internal investigations, sanctified this fourth shooting by Myers.

3.22	Officer Myers also has a history of disproportionately shooting people of color: in the four times he has fired a gun at suspects since 2010, three people were killed in in SPD sanctioned shootings; and the fourth was seriously injured; all but one was a person of color.

3.23	The City of Seattle and the Seattle Police Department have been aware of the

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 7

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

excessive force used by Officer Myers for years and the City has demonstrated deliberate indifference by not getting him professional, mental, or other help to assure he stops shooting people.

3.29    The City of Seattle has not taken reasonable steps to protect the public from Officer Myers, though he has an extensive history of shooting and killing, much more so than the average 35-year veteran of the Seattle Police Department, or any police department, and has been outspoken against de-escalation.

3.30    The evidence demonstrates that the City of Seattle, through its police department, its dispatch agents, officers, and chain-of-command, wrongfully killed a young man that was suffering from a mental health crisis on May 8, 2019, then reviewed and sanctioned the killing.

3.31    Ryan's wrongful death could have been prevented by prior action by the City of Seattle by a host of methods including better dispatch training, better dispatch supervision, better de-escalation training, better training and supervision of its police officers generally, better training and supervision of Officer Myers, and less deference to officers who kill. Officer Myers should never have been there that evening per his own request, which the City of Seattle ignored.

3.32    The City of Seattle knew that Officer Myers's history of police brutality and his practice and pattern of unreasonably using excessive force on defenseless citizens, all of which was an ongoing pervasive problem, placed the public at risk, and became an unofficial policy at the Department sanctioning such excessive force.

3.33    Regardless of this knowledge and unofficial policy, SEATTLE failed to take reasonable steps to fix the unreasonable risk of further harm posed by Officer Myers' years of unacceptable conduct on the job.

3.34    SPD and/or others on behalf of SEATTLE, all failed to take appropriate

1 | disciplinary actions against Officer Myers, and/or to train, instruct, reassign, suspend, terminate, transfer and/or supervise Officer Myers as was needed.

3.35   The City of Seattle negligently retained Officer Myers. SPD's negligence was a contributing and/or proximate cause of this poor young man's death.

3.36   Officer Myers has been the subject of numerous use of force complaints and/or reviews, all of which were documented and known by the City of Seattle and its Police Department.

3.37   The City of Seattle knew or should have known the history of excessive force demonstrated by Officer Myers. SEATTLE failed to take the appropriate action by either training, instructing, re-assigning, disciplining, suspending, or terminating Officer Myers. SEATTLE failed to act reasonably as was necessary to remove Officer Myers from its police force and safeguard the public against him. SEATTLE is vicariously liable for the Officers' intentional and/or negligent acts, all of which occurred in the course and scope of his/their employment with the authority of SEATTLE. This conduct was foreseeable given this officer's history and the choice by the city to ignore the risk of injury, harm and death to our community members, like Ryan Smith.

3.38   Defendants' actions escalated to the level of police brutality and excessive use of force when they chose to kill Ryan Smith, by shooting him nearly a dozen times when Mr. Smith was shirtless and was holding a small pocketknife. The Officers' actions give rise to claims against the City of Seattle.

IV.   FIRST CAUSE OF ACTION

**Fourth Amendment violations (42 U.S.C. § 1983)**

1

2

3

4

4.1     Plaintiff realleges all of the matters pled herein as if set forth in full.

4.2     Defendants, Myers, Beecroft and Johnson, acted under color of law and as a police officer and/or 911 dispatcher in the line of duty for City of Seattle at all times material hereto.

4.3     While acting under color of law, the conduct of the Defendants toward Ryan Smith constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

4.4     The misconduct described in this Count was objectively unreasonable and undertaken with willful and reckless indifference of the rights of others violating clearly established law, and directly caused the death of Ryan Smith and the damages suffered by the Plaintiffs. Defendants Myers, Beecroft and/or Johnson violated Ryan Smith's clearly established Fourth Amendment right to be free from excessive force and unreasonable seizure.

4.5     Defendants Myers and/or Beecroft and/or Johnson are also liable to Plaintiff for punitive damages for the constitutional violations he caused to Plaintiff in order to punish or deter further conduct like this by him as his conduct was willful, conscious, malicious, wanton, reckless with callous disregard for the constitutional rights of Ryan Smith.

4.6     Plaintiff also seek attorney fees and costs under this claim from all Defendants, for which they are all liable to Plaintiff.

V.   SECOND CAUSE OF ACTION

**Fourteenth Amendment (Substantive and Procedural Due Process - 42 U.S.C. § 1983)**

5.1   Plaintiff realleges all of the matters pled herein as if set forth in full.

5.2   Defendants Myers, Beecroft, and Johnson, under color of law and within the course and scope of employment, acted with reckless and callous indifference to the Fourteenth Amendment rights of Ryan Smith, with total disregard for both protected rights of substantive and procedural due process.

5.3   Seattle Police Officers Myers and Beecroft's use of force caused Ryan Smith's death and the Plaintiff's damages, was grossly disproportionate to the need for action under the circumstances and was influenced by malice or excess zeal such that it amounted to abuse of official power.

5.4   Such conduct shocks the conscience and involves truly egregious and unreasonable actions by Defendants Myers, Beecroft, and Johnson, all of which were a proximate cause of shooting Ryan Smith to death when Mr. Smith did not pose an immediate risk of serious bodily injury or death.

5.5   Seattle Police officers, Myers, Beecroft and/or Johnson violated the Fourteenth Amendment substantive due process right to be free from excessive force.

5.6   As a result of Defendants misconduct described in this cause of action, Mr. Smith suffered injuries, including but not limited to physical injury, loss of liberty, emotional distress and ultimately death.

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 11

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

5.7     As a direct and proximate cause of the acts of Defendants Myers; Beecroft; Johnson; Does 1 – 50, inclusive; and the City of Seattle's violations of the Fourteenth Amendment as shall be otherwise shown at trial, Plaintiff has actionable claims for damages against all Defendants.

5.8     Defendants Myers; Beecroft; Johnson; and Does 1 – 50, inclusive, are also liable to Plaintiff for punitive damages for each of the constitutional violations each committed against Ryan Smith; e.g. each cause of action for 1) procedural and 2) substantive due process, respectively, for the purpose to deter or to punish each of them.

5.9     Plaintiffs also seek attorney fees and costs under this claim from all Defendants.

///

///

## VI. THIRD CAUSE OF ACTION

**Fourth, and Fourteen Amendment Claims – Defendant City of Seattle**

6.1     Plaintiff realleges all of the matters pled herein as if set forth in full.

6.2     Seattle Police Officers Myers and Beecroft, and City of Seattle 911 dispatcher Johnson, while acting under color of law, used and or caused excessive force and conscience-shocking force on Ryan Smith even though he posed no risk of serious harm or death to anyone. This use of force was wholly excessive to any conceivable need, objectively unreasonable in light of clearly established law, conscience shocking, and directly caused Ryan Smith's death and the Plaintiffs 'damages. Therefore, Smith's clearly established Fourth and Fourteenth Amendment rights were violated.

6.3     Defendant City of Seattle, had the following policies, practices, or customs in place when Seattle Police Officers Myers and Beecroft shot Ryan Smith:

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 12

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

      6.3.1    Using, authorizing, and/or tolerating excessive force against suspects;

      6.3.2    Failing to adequately discipline officers;

      6.3.3    Failing to adequately supervise officers;

      6.3.4    Failing to adequately train officers concerning de-escalation of force;

      6.3.5    Failing to adequately train and supervise dispatchers

6.4    Each of the policies, practices, or customs described above was actually known, constructively known, and/or ratified by City of Seattle, its police management, and policy makers, and was promulgated with deliberate indifference to the Fourth and Fourteenth Amendment rights of Ryan Smith under the United States Constitution. Moreover, the known and obvious consequence of these policies, practices, or customs was that Seattle Police Department officers would be placed in recurring situations in which the constitutional violations described within this complaint would result. Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

6.5    Moreover, the City of Seattle and its police department were also aware of multiple similar incidents in which unconscionable, excessive, or unreasonable force was used but did not remedy the misconduct. Thus, the City of Seattle is also directly liable for the department and its policy makers failure to train, supervise, and correct misconduct, which proximately caused Ryan Smith's death.

6.6    The policies, practices, or customs described above were a moving force of the constitutional deprivation and injuries upon Ryan Smith.

6.7    The polices described above and proximately caused the damages suffered by the Plaintiffs.

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 13

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

6.8    The conduct described in this Count was undertaken pursuant to the policies, practices, and customs of the City of Seattle, such that the City is liable in the following ways:

   6.8.1    SEATTLE, through its tacit approval of the Defendants actions, has ratified his conduct, and thereby shown that Defendant Myers acted pursuant to and in a manner consistent with the policies, customs, and practices of the City of Seattle.

   6.8.2    As a matter of both policy and practice, the SEATTLE encouraged, and was thereby the moving force behind, the misconduct at issue here by failing to adequately train, supervise, control, and discipline its officers such that its failure to do so has manifested deliberate indifference;

   6.8.3    As a matter of both policy and practice, the SEATTLE has facilitated the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby foreseeably leading its officers to believe that their actions will never be meaningfully scrutinized and, in that way, directly encouraging future uses of excessive deadly force such as those Plaintiff complains of;

   6.8.4    SEATTLE'S Police Department's failure to meaningfully investigate police misconduct and control its officers is further illustrated by its handling of Officer Myers's many prior use-of-force incidents, including this shooting. Officer Myers was not disciplined for any of these incidents, and has remained on full active duty throughout his career;

   6.8.5    In fact, the City of Seattle encouraged Defendant Myers to feel he could act with impunity by repeatedly declining to discipline him for infractions of many kinds throughout his career;

   6.8.6    The City of Seattle should be held liable for the unconstitutional actions of

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS AND JURY DEMAND (2:22-cv-609)– 14

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

6.8  The conduct described in this Count was undertaken pursuant to the policies, practices, and customs of the City of Seattle, such that the City is liable in the following ways:

  6.8.1  SEATTLE, through its tacit approval of the Defendants actions, has ratified his conduct, and thereby shown that Defendant Myers acted pursuant to and in a manner consistent with the policies, customs, and practices of the City of Seattle.

  6.8.2  As a matter of both policy and practice, the SEATTLE encouraged, and was thereby the moving force behind, the misconduct at issue here by failing to adequately train, supervise, control, and discipline its officers such that its failure to do so has manifested deliberate indifference;

  6.8.3  As a matter of both policy and practice, the SEATTLE has facilitated the very type of misconduct at issue here by failing to adequately investigate, punish, and discipline prior instances of similar misconduct, thereby foreseeably leading its officers to believe that their actions will never be meaningfully scrutinized and, in that way, directly encouraging future uses of excessive deadly force such as those Plaintiff complains of;

  6.8.4  SEATTLE'S Police Department's failure to meaningfully investigate police misconduct and control its officers is further illustrated by its handling of Officer Myers's many prior use-of-force incidents, including this shooting. Officer Myers was not disciplined for any of these incidents, and has remained on full active duty throughout his career;

  6.8.5  In fact, the City of Seattle encouraged Defendant Myers to feel he could act with impunity by repeatedly declining to discipline him for infractions of many kinds throughout his career;

  6.8.6  The City of Seattle should be held liable for the unconstitutional actions of

its officers engaged in as agents of the SEATTLE.

6.9    The likelihood that the excessive force situations alleged in this action perpetrated by Defendant(s) Myers and/or Beecroft would recur and the predictability that officers like Defendant Myers and Beecroft were lacking specific tools to handle that situation would continue to violate citizens' rights, coupled with SEATTLE, its police department, their supervisory staffs' decision not to train or retrain or supervise or correct Defendant Myers, one or all reflected "deliberate indifference" to the ongoing pattern of deprivation of civil right to others and the obvious consequence of his violation(s) would recur and did recur against Plaintiff Smith; and that there was a high degree of predictability Myers would reoffend as he did with Ryan Smith, all of which support an inference of causation  herein– that the municipality's indifference led directly to the very consequence that was so predictable e.g the future conduct of Defendant Myers and he would continue to commit excessive force again to others as he did on May 8, 2019 killing Ryan Smith as he had repeated in the past.

4.3

4.4

4.5

4.6

6.10    As a result of City of Seattle's actions, policies, and practices, and the unpurified and unreasonable conduct of Defendants, Myers, Beecroft and/or Johnson, Plaintiffs suffered injuries, including pain, suffering, emotional distress, and death.

## VII. FOURTH CAUSE OF ACTION

**Injunctive Relief Under 42 U.S.C Section 1938**

7.1    Plaintiff realleges all of the matters pled herein as if set forth in full.

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 15

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076

7.2  Plaintiff seeks injunctive relief requiring SEATTLE to halt the unconstitutional policies and/or practices described above.

## VIII.  PRAYER FOR RELIEF

8.1  WHEREFORE, Plaintiff requests entry of judgment in its favor and against Defendants, jointly and severally, and all Defendants and non-parties acting in concert on each and every count/cause of action as alleged herein, as follows:

8.2  For general and special damages in amounts to be proven at trial;

8.3  For punitive damages against each individual Defendant and others hereafter identified and added as party defendants in amounts to be proven at trial;

8.4  For interest on all permissible special damages;

8.5  For reasonable attorney's fees and costs;

8.6  For Plaintiffs' costs, expenses and attorney's fees pursuant to all applicable statutory and constitutional authority, including but not limited, to 28 U.S.C. § 1920, 42 U.S.C. §1983 and 1988, Sec. 19, under the 4th and 14th Amendments; and

8.7  For permission to amend pleadings to conform to the proof to be offered at trial.

## IX.  JURY DEMAND

9.1  Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

DATED this 5th day of May 2022.

By: s/ Brian M. Sullivan
Brian M. Sullivan, WSBA # 38066
SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue
Everett, WA 98201
Telephone: 425-322-1076
Fax: 425-609-3760

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

brian@sullivanpllc.com
Counsel for Plaintiffs


By: s/ Cassidy Spencer
Cassidy Spencer, WSBA # 50569
SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue
Everett, WA 98201
Telephone: 425-322-1076
Fax: 425-609-3760
cassidy@sullivanpllc.com
Counsel for Plaintiffs


By: s/ Joseph Rome
Joseph Rome, WSBA # 37651
LAW OFFICE OF JOSEPH ROME, INC., P.S.
4055 Lake Washington Blvd NE, Suite 240
Kirkland, WA 98033
Telephone: 425-429-1729
Fax: 877-730-9808
jrome@josephromelaw.com
Counsel for Plaintiffs

COMPLAINT FOR VIOLATIONS OF
CONSTITUTIONAL RIGHTS AND
JURY DEMAND (2:22-cv-609)– 17

SULLIVAN LAW GROUP, PLLC
2932 Hoyt Avenue, Everett, WA 98201
Tel: (425) 322-1076