UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSE JOHNSON, individually and as the Personal Representative of the ESTATE OF RYAN M. SMITH, on behalf of MARK SMITH, KAHLLENA A. SMITH, LUKE-MICAH JOHNSON, JALONE JOHNSON, and ROSE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>Defendants. | C22-0609 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' motion for partial summary judgment, docket no. 31, is GRANTED in part and DEFERRED in part, as follows:

    (a) Pursuant to plaintiff's concession, <u>see</u> Resp. at 2 (docket no. 43), plaintiff's claims under 42 U.S.C. § 1983 against defendant Daniel Johnson (First and Second Causes of Action) are DISMISSED with prejudice; and

    (b) Defendants' motion is otherwise DEFERRED.

(2) Plaintiff's motion for leave to amend, docket no. 42, is DENIED. Plaintiff requests leave to file a third[1] amended complaint to (i) to remove the § 1983 claims against Daniel Johnson and related allegations, (ii) to remove references to previously dismissed claims, (iii) to add Stephanie Rezentes as a defendant, and (iv) to add certain

---

[1] Plaintiff describes the proposed new pleading as a second amended complaint, but plaintiff filed the Second Amended Complaint, docket no. 20, on November 1, 2022. The Second Amended Complaint, docket no. 20, is the operative pleading.

MINUTE ORDER - 1

factual assertions and correct grammatical errors.  Although the Court "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), the amendments that plaintiff has proposed are unnecessary.  Given the dismissal of the § 1983 claims against Daniel Johnson, removal from the operative pleading of those claims and related allegations is not required.  Similarly, deletion of previously dismissed claims[2] is a needless exercise.  Adding Stephanie Rezentes as a defendant on a negligence claim serves no purpose; no dispute exists that this 911 dispatcher was acting within the scope of employment at all relevant times, and the proper defendant as to plaintiff's negligence claim is Rezentes's employer, *i.e.*, the City of Seattle, which is already a defendant in this matter.  With regard to additional allegations and typographical or other mistakes, the operative pleading and briefing related to plaintiff's motion to amend provide sufficient notice to defendants concerning the nature of and theories underlying plaintiff's claims.

(3) Plaintiff is DIRECTED to show cause within fourteen (14) days of the date of this Minute Order as follows:

(a) Plaintiff has asserted a negligence claim (Fifth Cause of Action) against individual defendants Christopher Myers, Ryan Beecroft, and Daniel Johnson.  *See* 2d Am. Compl. at ¶¶ 7.1–7.4 (docket no. 20).  Plaintiff shall show cause why the negligence claim against these individual defendants should not be dismissed so that plaintiff's negligence claim proceeds solely against the City of Seattle pursuant to a vicarious liability theory as pleaded in the Sixth Cause of Action.

(b) The deadlines for joining additional parties and for amending pleadings having expired, *see* Minute Orders (docket nos. 13, 28, & 29), plaintiff shall show cause why any claims against defendants Does 1–50 should not be dismissed either with or without prejudice for failure to prosecute.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of November, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

---

[2] By Minute Order entered December 20, 2022, docket no. 25, the Court dismissed plaintiff's claim under the Washington Law Against Discrimination ("WLAD") without prejudice and with leave to amend within fourteen (14) days.  No amended pleading was timely filed, and plaintiff's WLAD claim (Tenth Cause of Action) is now deemed dismissed with prejudice.

MINUTE ORDER - 2