UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSE JOHNSON, individually and as the Personal Representative of the ESTATE OF RYAN M. SMITH, on behalf of MARK SMITH, KAHLLENA A. SMITH, LUKE-MICAH JOHNSON, JALONE JOHNSON, and ROSE JOHNSON,

  Plaintiff,

  v.

CITY OF SEATTLE, et al.,

  Defendants.

C22-0609 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Pursuant to plaintiff's counsel's declaration, docket no. 54, which was filed in response to the show cause directive set forth in Paragraph 3 of the Minute Order entered November 7, 2023, docket no. 52, plaintiff's negligence claim against individual defendants Christopher Myers, Ryan Beecroft, and Daniel Johnson, as well as plaintiff's claims against defendants Does 1–50, are hereby DISMISSED.

(2) Defendants' motion, docket no. 55, to compel release of cellular phones allegedly belonging to decedent Ryan M. Smith, is RENOTED to January 19, 2024. Defendants ask the Court to compel the Seattle Police Department to release four devices recovered from the scene and retained pending an inquest, but they have not served their motion on the King County Prosecuting Attorney's Office or counsel for the Seattle Police Department. Defendants are DIRECTED to serve copies of their motion, as well as of this Minute Order, on the King County Prosecuting Attorney's Office and the Seattle City Attorney's Office, and to file proof of such service within seven (7) days of the date of this Minute Order. Any response to defendants' motion shall be filed by Friday, January 12, 2024, and any reply shall be filed by the new noting date.

MINUTE ORDER - 1

(3)   In their motion to compel release of cellular devices, defendants contend that information on the phone might be relevant to damages claimed by Smith's parents and siblings.  This argument raises issues concerning the nature of the claims alleged in this matter.  The operative pleading identifies only one plaintiff, namely Smith's mother Rose Johnson, who pursues claims on her own behalf and as Personal Representative of Smith's estate.  *See* 2d Am. Compl. (docket no. 20).  In addition to an excessive force claim pursuant to the Fourth Amendment against defendants Christopher Myers, Ryan Beecroft, and the City of Seattle, and a negligence claim against the City of Seattle, the Second Amended Complaint asserts claims for outrage and violation of the Fourteenth Amendment (substantive and procedural due process).[1]  *Id.* at ¶¶ 4.1–8.4 & 11.1–11.7.  As pleaded, the Fourteenth Amendment claim asserts only the constitutional rights of the decedent, not those of his parents or siblings.  *See id.* at ¶ 5.2 (alleging that Myers and Beecroft "acted with reckless and callous indifference to the Fourteenth Amendment rights of Ryan Smith").  The United States Supreme Court, however, has made clear that claims of excessive force during the course of an arrest, investigatory stop, or other seizure are cognizable only under the Fourth Amendment.  *See* *Graham v. Connor*, 490

---

[1] The operative pleading also lists as causes of action (i) survival pursuant to RCW 4.20.046, and (ii) wrongful death pursuant to RCW 4.20.010.  Survival is not a substantive claim, but rather the means by which Smith's mother (Johnson) may proceed with claims that belonged to Smith before his death.  *See* RCW 4.20.046(1) ("All causes of action by a person . . . against another person . . . shall survive to the personal representatives of the former . . . ."); *see also* *Deggs v. Asbestos Corp.*, 188 Wn. App. 495, 506, 354 P.3d 1 (2015) ("The survival statutes do not create new causes of action for statutorily named beneficiaries, but instead preserve the decedent's causes of action for injuries suffered prior to death.").  With respect to actions that survive death, the recoverable noneconomic damages are for "pain and suffering, anxiety, emotional distress, or humiliation *personal to and suffered by the deceased*."  RCW 4.20.046(2) (emphasis added).  Thus, with respect to claims that Johnson pursues under the survival statute, any injuries incurred by Smith's parents and/or siblings as a result of his death are not relevant.  The same cannot be said about a wrongful death action, as to which the recoverable losses are those of the statutory beneficiaries, not the decedent.  *Deggs*, 188 Wn. App. at 506–07.  A wrongful death action is nevertheless derivative, as opposed to a separate substantive claim, and to prevail, a personal representative must prove that the decedent's death was caused by a wrongful act.  *See id.* at 507 (explaining that a wrongful death action "derives from the wrongful act causing the death, rather than from the person of the deceased" (quoting *Johnson v. Ottomeier*, 45 Wn.2d 419, 423, 275 P.2d 723 (1954))); *see also* RCW 4.20.010(1) ("When the death of a person is caused by the wrongful act, neglect, or default of another person, his or her personal representative may maintain an action against the person causing the death for the economic and noneconomic damages sustained by the beneficiaries listed in RCW 4.20.020 as a result of the decedent's death . . . .").  In this matter, the legal theories asserted by Johnson are use of excessive force and negligence, and the wrongful death allegation must be viewed as simply invoking the procedural mechanism for pursuing damages on behalf of Smith's parents and siblings, who would be his statutory beneficiaries in the absence of a spouse, state registered domestic partner, or children.  *See* RCW 4.20.020.

MINUTE ORDER - 2

U.S. 386, 395 (1989); *Ward v. City of San Jose*, 967 F.2d 280, 284–85 (9th Cir. 1991); *see also* *Estate of Paone v. Plymouth Township*, No. 22-2178, 2022 WL 17419346, at *7–9 (E.D. Pa. Dec. 5, 2022) (applying the "more-specific provision rule" to dismiss both substantive and procedural due process claims that were duplicative of an excessive force claim more appropriately brought under the Fourth Amendment). Defendants have moved for summary judgment with respect to the Fourteenth Amendment claim on the ground that plaintiff cannot establish the force used by Myers and/or Beecroft was excessive. *See* Defs.' Mot. at 27 (docket no. 31). They have not sought dismissal of the Fourteenth Amendment claim on the basis of *Graham*'s "more-specific provision" analysis. Moreover, in their motion, defendants hypothesized that Johnson might be asserting a separate Fourteenth Amendment substantive due process claim for the deprivation of her liberty interest in the companionship and society of her adult child. *See id.* at 28. In response to defendants' motion, plaintiff indicates that "a decedent's parents *and child* have an interest in their familial relationship with the decedent." Pl.'s Resp. at 22 (docket no. 43) (emphasis added). Whether plaintiff's counsel intended to speak generally about Fourteenth Amendment jurisprudence or specifically about the facts of this case is unclear. The parties are therefore DIRECTED to meet and confer and to file a Joint Status Report on or before December 15, 2023, addressing the following issues:

    (a)    Specify how each of the individuals identified in the operative pleading is related to Ryan Smith;

    (b)    Is Ryan Smith survived by a spouse, state registered domestic partner, child, or stepchild within the meaning of RCW 4.20.020 (a "primary statutory beneficiary"), and if so, identify such person or persons in a manner that is consistent with Local Civil Rule 5.2(a);

    (c)    If Ryan Smith is survived by a primary statutory beneficiary, should Smith's father and/or siblings be dismissed from this action;

    (d)    Do the parties agree that plaintiff may not pursue, pursuant to the survival and/or wrongful death statutes, a Fourteenth Amendment substantive and/or procedural due process claim for excessive force and, if so, should the Second Cause of Action, 2d Am. Compl. at ¶¶ 5.1–5.9, as well as portions of the *Monell* claim against the City of Seattle, be dismissed with prejudice;

    (e)    Is a Fourteenth Amendment substantive due process claim for the deprivation of liberty interests in the companionship and society of an adult child pleaded in the Second Amended Complaint on behalf of either Smith's mother or Smith's father and, if not, should the parents (and/or any spouse or children) be permitted to assert such claims at this stage of the proceedings; and

MINUTE ORDER - 3

(f) Do the parties agree that Smith's siblings cannot themselves assert § 1983 claims for deprivation of liberty interests in the companionship and society of their brother; see Ward, 967 F.2d at 283–84; see also Rentz v. Spokane County, No. CV-05-83, 2006 WL 8437720, at *9–11 (E.D. Wash. Aug. 4, 2006) (distinguishing between parents and siblings with respect to their ability to proceed in their individual capacities on Fourteenth Amendment substantive due process claims relating to loss of companionship).

If the parties cannot concur on the appropriate responses to these inquiries, they may set forth their separate views within the Joint Status Report.

(4) The deferred portion of defendants' motion for partial summary judgment, docket no. 31, is RENOTED to December 15, 2023.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of December, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 4