UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSE JOHNSON, individually and as the Personal Representative of the ESTATE OF RYAN M. SMITH, on behalf of MARK SMITH, KAHLLENA A. SMITH, LUKE-MICAH JOHNSON, JALONE JOHNSON, and ROSE JOHNSON,

          Plaintiff,

v.

CITY OF SEATTLE, et al.,

          Defendants.

C22-0609 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The deferred portions of defendants' motion for partial summary judgment, docket no. 31, are GRANTED in part and DENIED in part, as follows:

    (a) Pursuant to the parties' agreement that plaintiff may not pursue, pursuant to the survival and/or wrongful death statutes, a Fourteenth Amendment substantive and/or procedural due process claim for excessive force, see Joint Status Report at 2 (docket no. 61), defendants' motion is GRANTED as to plaintiff's Second Cause of Action, 2d Am. Compl. at ¶¶ 5.1–5.9 (docket no. 20), as well as the related portions of the *Monell* claim against the City of Seattle, and such claims are DISMISSED with prejudice. See *Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that claims of excessive force during the course of an arrest, investigatory stop, or other seizure are cognizable only under the Fourth

MINUTE ORDER - 1

Amendment); <u>Ward v. City of San Jose</u>, 967 F.2d 280, 284–85 (9th Cir. 1991); <u>see also</u> <u>Estate of Paone v. Plymouth Township</u>, No. 22-2178, 2022 WL 17419346, at *7–9 (E.D. Pa. Dec. 5, 2022) (applying the "more-specific provision rule" to dismiss substantive and procedural due process claims that were duplicative of an excessive force claim more appropriately brought under the Fourth Amendment).

(b) Except as granted in Paragraph 1(a), above, and by the Minute Order entered November 7, 2023, docket no. 52, defendants' motion for partial summary judgment, which seeks relief as to only the claims brought pursuant to 42 U.S.C. § 1983,[1] is DENIED for the following reasons:

(i) Excessive Force (Fourth Amendment) Claim:  Generally, the question of whether an individual has been subjected to excessive force requires a balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." <u>Luchtel v. Hagemann</u>, 623 F.3d 975, 980 (9th Cir. 2010) (quoting <u>Graham</u>, 490 U.S. at 396).  The facts and circumstances of each particular case must be examined, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Id.</u> (quoting <u>Graham</u>, 490 U.S. at 396).  Other considerations include the quantum of force used, the availability of alternative methods of capturing or detaining the suspect, and the suspect's mental and emotional state. <u>Id.</u>  The Court must evaluate "the totality of the circumstances," judging the reasonableness of the particular use of force from the perspective of a reasonable officer on the scene, not with "the 20/20 vision of hindsight," and bearing in mind that police officers need not use the least intrusive means available to them. <u>Id.</u> at 980, 982.  In this matter, Ryan M. Smith, who was half naked, holding a knife close to his chest (as opposed to waiving it or aiming it at anyone), and suffering a mental health crisis, was shot multiple times by defendants Christopher Myers and Ryan Beecroft within seconds after they kicked through the door to an apartment in which Smith's girlfriend resided, while yelling allegedly inconsistent and undecipherable commands.  Defendants have not met their burden of demonstrating an absence of genuine disputes of material fact relating to the <u>Graham</u> factors, <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (outlining the moving party's burden), and the Court cannot conclude that

---

[1] In their pending motion, defendants do not seek dismissal of plaintiff's negligence claim against the City of Seattle, plaintiff's outrage claim, or the survival and wrongful death theories pursuant to which damages are sought on behalf of Ryan M. Smith's parents and siblings.

MINUTE ORDER - 2

the use of force at issue was reasonable or that defendants are "entitled to judgment as a matter of law" with respect to plaintiff's Fourth Amendment claim, *see* Fed. R. Civ. P. 56(a).

(ii)   *Monell* Claim:  A municipality may not be held liable under § 1983 on a respondeat superior theory.  *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978)).  Instead, municipal liability must be premised on one of four theories:  (i) a policy or longstanding practice or custom from which the alleged constitutional violation resulted; (ii) an unconstitutional action by an official with final policy-making authority; (iii) ratification by an official with final policy-making authority of a subordinate's unconstitutional conduct; or (iv) a failure to adequately train employees that amounts to "deliberate indifference" concerning the constitutional right at issue.  *See*, *e.g.*, *Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir. 2005); *see also City of Canton v. Harris*, 489 U.S. 378, 391–92 (1989).  In seeking dismissal of plaintiff's *Monell* claim, the City of Seattle has not asserted that plaintiff cannot prove the requisite policy, practice, or custom, action or ratification by a policy-maker, or deliberately indifferent failure to train.  Rather, in their motion for partial summary judgment, defendants argue only that the *Monell* claim should be dismissed if the related excessive force (Fourth Amendment) claim fails.  The excessive force claim, however, survives, and thus, the *Monell* claim remains in the case.

(iii)   Qualified Immunity:  Qualified immunity involves a two-pronged inquiry:  (i) whether the facts, taken "in the light most favorable" to the party asserting injury, show that the state actor violated a constitutional right; and (ii) whether, when all inferences from the evidence are drawn "in the light most favorable" to the party asserting injury, the constitutional right in question was "clearly established" at the time of the violation.  *See*, *e.g.*, *Tolan v. Cotton*, 572 U.S. 650, 655-57 (2014).  Whether Myers and Beecroft are entitled to qualified immunity is an issue of law that must be decided by the Court, *see Hunter v. Bryant*, 502 U.S. 224, 228 (1991), but the Court may submit the related factual questions to the jury, *see Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017) (citing cases from the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Eleventh, and District of Columbia Circuits).  Since before May 8, 2019, when Smith was fatally shot, the law has been "clearly established" that law enforcement personnel "may not kill suspects who do not pose an immediate threat to their safety or to the safety of others simply because [the suspects] are armed."  *Van Bui v. City & County of San Francisco*, 699 Fed. App'x 614, 616 (9th Cir. 2017) (summarizing the "clearly established" law as of

December 2010).  In this matter, factual disputes exist concerning (i) whether a reasonable officer in the same situation as Myers and Beecroft would have believed Smith posed an immediate threat to the safety of the officers or others at the scene; and (ii) whether the use of less drastic measures was feasible.  Thus, Myers and Beecroft cannot be afforded qualified immunity in advance of trial.

(2)  The parties agree that Smith's siblings (Kahllena A. Smith, Luke-Micah Johnson, and Jalone Johnson) cannot themselves assert § 1983 claims for deprivation of liberty interests in the companionship and society of their brother.  See Joint Status Report at 7 (docket no. 61); see also Ward, 967 F.2d at 283–84; Rentz v. Spokane County, No. CV-05-83, 2006 WL 8437720, at *9–11 (E.D. Wash. Aug. 4, 2006) (distinguishing between parents and siblings with respect to their ability to proceed in their individual capacities on Fourteenth Amendment substantive due process claims relating to loss of companionship).  The parties take opposite views, however, concerning whether Smith's parents (Rose Johnson and Mark Smith) may pursue a Fourteenth Amendment substantive due process claim, with plaintiff seeking leave to amend[2] and defendants arguing that allowing the assertion of such claim at this late stage of the case would be prejudicial to them.  Plaintiff's request for permission to file a third amended complaint is DENIED as untimely and unnecessary.  Plaintiff unsuccessfully sought leave to amend the operative pleading on the deadline for doing so (October 2, 2023), but did not, in that motion, ask to reframe the Fourteenth Amendment claim or join Smith's father as a plaintiff.  See Pl.'s Mot. (docket no. 42); see also Minute Order at ¶ 2 (docket no. 52).  At that time, defendants' motion for partial summary judgment had already been pending for almost five months (having been twice renoted by the movants), and the Court concludes that allowing plaintiff to add a new substantive claim at this juncture would be unduly prejudicial to defendants.  The Court also observes that, given the fairly recent amendment to the wrongful death statute, Smith's parents no longer need a Fourteenth Amendment claim to recover for loss of companionship.  Prior to 2019, the wrongful death statute authorized an action on behalf of parents only if they were dependent on the decedent for support.  See Kellogg v. Nat'l R.R. Passenger Corp., 199 Wn.2d 205, 218, 504 P.3d 796 (2022) (quoting former RCW 4.20.020).  The amendment, which took effect on July 28, 2019, after Smith's death, and which is retroactive as to timely-filed claims, eliminated the dependency requirement.  See id. at 219–20.  Pursuant to the current version of the statute, Smith's parents may recover the same damages in

---

[2] Plaintiff's contention that Smith's parents have pleaded a deprivation of their liberty interests in the companionship and society of their son lacks merit.  Smith's father is not even named as a plaintiff in this matter, and the Fourteenth Amendment claim that was actually asserted (and has now been dismissed) concerned only the "total disregard" of Smith's "right to be free from excessive force," as opposed to the liberty interests of Smith's parents.  See 2d Am. Compl. at ¶¶ 5.2–5.5 (docket no. 20).

MINUTE ORDER - 4

connection with the asserted Fourth Amendment and/or negligence theories that they might have sought pursuant to a Fourteenth Amendment claim, and under Washington law, the § 1983 loss-of-companionship claim is now duplicative. See RCW 4.20.010(1) ("When the death of a person is caused by the wrongful act, neglect, or default of another person, his or her personal representative may maintain an action against the person causing the death for the economic and noneconomic damages sustained by the beneficiaries listed in RCW 4.20.020 as a result of the decedent's death, in such amounts as determined by a trier of fact to be just under all the circumstances of the case.").

(3) As a result of this Minute Order and the previous Minute Orders entered December 20, 2022, docket no. 25, November 7, 2023, docket no. 52, and December 7, 2023, docket no. 57, the claims remaining for trial are as follows: (a) Excessive Force (§ 1983 – Fourth Amendment) against Myers, Beecroft, and the City of Seattle; (b) Negligence against the City of Seattle; and (c) Outrage against Myers, Beecroft, and the City of Seattle. All other claims set forth in the Second Amended Complaint have been dismissed.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of December, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 5